UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:                                    )
                                          )        CASE NO.09-07113-AJM-11
HOPE INTERNATIONAL                        )
CHRISTIAN MINISTRIES, INC.                )

### MOTION FOR ABANDONMENT OF REAL ESTATE AND FOR RELIEF FROM STAY WITH 30 DAY WAIVER

Creditor James A. Marsh and Sari C. Marsh (collectively referred to as "Creditor"), by counsel, Clifford T. Rubenstein, hereby moves the Court pursuant to 11 U.S.C. §362(d) and §554 to lift the automatic stay and abandon from the estate the following real property:

Lots numbered Twenty-Three (23) and Twenty-Four (24) in Block 4 in Walker's East Ohio Street Addition, an Addition to the City of Indianapolis, the plat of which is recorded in Plat Book 8, page 196, in the Office of the Recorder of Marion County, Indiana

commonly known as 235-237 North Highland Avenue, Indianapolis, Indiana (the "Real Estate").

AND in support of its Motion, the Creditor states the following:

1.   The Debtor filed its chapter 11 case on May 19, 2009 (the "Petition Date"). Creditor was not listed on Debtor's filings and Creditor did not receive notice of the filing of Debtor's chapter 11 case until approximately June 2, 2009.

2.   As of the Petition Date the Debtor owned the Real Estate.

3.   As of the Petition Date the Creditor is the owner and holder of a mortgage on the Real Estate given to secure a promissory note (the "Note") dated July 23, 2003 made payable to Creditor in the original sum of $87,732.67, which mortgage is dated July 23, 2003 and recorded in the Office of the Recorder of Marion County, Indiana on August 13, 2003 as Instrument No.

2003-0167753.  A true and correct copy of the Note and mortgage is attached hereto as Exhibits "A" and "B" to Exhibit "A".

    4.    That the Debtor defaulted in the payments of the Note.

    5.    That on March 11, 2009, Creditor filed its Intervenors' Complaint on Note and to Foreclose Mortgage on Real Estate in the Marion County Superior Court under Cause No. 49D04-0611-PL-047038.  A true and correct copy of which is attached hereto as Exhibit A.

    6.    That on May 4, 2009, Creditor filed its Application for Default Judgment, Affidavit for Attorney Fees, Non-Military Affirmation and Affidavit in Support of Plaintiff's Judgment Entry and Decree of Foreclosure.

    7.    That on May 19, 2009, the Marion Superior Court granted Creditor a Default Judgment and Decree of Foreclosure ordering a monetary judgment against Debtor in the amount of $82,467.50 as of April 30, 2009 together with an order to sell the Real Estate at a Sheriff's Sale to satisfy the judgment.  A true and correct copy of which is attached hereto as Exhibit B.

    8.    That the Assemblies of God Financial Services Group ("AGF") has a valid judgment lien against the Real Estate in the amount of $314,969.83 as of January 20, 2009, plus costs and interest accruing thereafter, and that AGF's judgment lien is junior and subordinate to Creditor's lien on the Real Estate.

    9.    That the estimated present market value of the Real Estate is less than $125,000.00.  Said value is less than the balance due to Creditor and AGF.

    10.    That Debtor has no equity in the Real Estate.

    11.    That on or about May 22, 2009, Creditor filed its Praecipe for Sheriff's Sale with the Clerk of the Marion Superior Court No. 4 in order to schedule a Sheriff's Sale of the Real Estate.

12. That the Real Estate is burdensome to the estate and because the Debtor has no equity in the Real Estate, the Real Estate should be abandoned and the automatic stay be lifted so as to allow Creditor to proceed with an In Rem foreclosure action and to have the Real Estate sold at Sheriff's Sale.

13. Creditor hereby waives its right under 11 U.S.C. §362(e) to a hearing on this Motion within thirty (30) days of the date it is filed.

WHEREFORE, Creditor, by counsel, Clifford T. Rubenstein, prays that this Motion be granted and that the Real Estate be abandoned as being burdensome to this estate and that the automatic stay be lifted as to the Real Estate so as to allow Creditor to proceed with an In Rem foreclosure action.

Creditor, by counsel, further prays that the 10 day stay of the order imposed by Bankruptcy Rule 4001(a)(1) be waived.

                                                MAURER RIFKIN & HILL, P.C.

DATED:   June 25, 2009   By: /s/ Clifford T. Rubenstein
                                                Clifford T. Rubenstein
                                                Attorney for Creditor

**CERTIFICATE OF SERVICE**

     I hereby certify that I have served a copy of the foregoing on the following by electronic Mail or by First Class, U.S. Mail, postage prepaid, this 25TH day of June, 2009:

Jeannette Eisan Hinshaw
Office of the U.S. Trustee
101 W. Ohio Street, Suite 1000
Indianapolis, IN  46204

AG Financial Services Group
c/o W. Randall Kammeyer, Esq.
116 East Berry Street
Lincoln Tower Suite 302
Fort Wayne, IN  46802-2487

Eric C. Redman
Bator Redman Bruner Shive & Ludwig
151 N. Delaware Street, Suite 1106
Indianapolis, IN  46204-2573

Hope International Christian Ministries, Inc.
1205 E. New York Street
Indianapolis, IN 46204

Lowe's Home Centers
c/o Bennett & Deloney, P.C.
1265 E. Fort Union blvd., Suite 150
Midvale, UT  84047-1862

                                                   /s/ Clifford T. Rubenstein
                                                   Clifford T. Rubenstein